UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-23881-CIV-MARRA

In re:

IRAIN GONZALEZ,

Debtor.
_____/

STATE OF FLORIDA DEPARTMENT OF
REVENUE,

                Appellant,

v.

IRAIN GONZALEZ

                Appellee.
_____/

**OPINION AND ORDER**

This cause is before the Court on the appeal by the State of Florida Department of Revenue ("Appellant"). Appellant seeks review of the Bankruptcy Court's final Order on Threshold Legal Issue on Debtor's Motion to Hold State of Florida in Contempt [DE 1], which found Appellant in contempt for violating the Court's confirmation order [*Id*. at 11]. The Court has carefully considered the appeal, the briefs of the parties, the entire record on appeal, and is otherwise duly advised in the premises.

## I. Background

There is no dispute relative to the facts and procedural background as set forth in the Bankruptcy Court's Order [DE 1 at 3 *et. seq.*]; therefore, this Court adopts the Bankruptcy Court's recitation of these items as though fully set forth herein.

Regarding the penalty assessed against Appellant by the Bankruptcy Court, the Bankruptcy Court determined that the Debtor is entitled to reasonable attorney's fees and costs [DE 1 at 11]. When the Bankruptcy Court issued its order, the Debtor was also seeking compensatory and punitive damages, and the Bankruptcy Court was going to hold a hearing relative thereto [DE 1 at 11-12]. Debtor has since filed a "Notice of Determination Not to Pursue Compensatory and Punitive Damages" [Bank Ct DE 103, 11-23183-LMI]. The only penalty before this Court for review, therefore, is the award of attorney's fees and costs.

## II. Legal Standard

This Court has jurisdiction pursuant to 28 U.S.C. §158(a). The Court reviews the Bankruptcy Court's factual findings for clear error and its legal conclusions *de novo*. *In re Globe Mfg. Corp.*, 567 F.3d 1291, 1296 (11th Cir. 2009); *In re Club Assoc.*, 951 F.2d 1223, 1228-29 (11th Cir. 1992). Here, this Court reviews the grant of a motion for contempt and sanctions for an abuse of discretion. *See Diaz v. State of Florida Dept. of Revenue*, 647 F.3d 1073 (11th Cir. 2011). "A bankruptcy judge abuses his discretion if he commits an error of law or relies on factual findings that are clearly erroneous." *Id.* at 1082. "Before holding a litigant in civil contempt for violating a court order, a court must find by clear and convincing evidence that the order unambiguously proscribed the litigant's conduct." *Id.* at 1093 n.17.

### III. Discussion

Appellant's position is that a confirmed plan issued by a Bankruptcy Court that includes provisions for the payment of the debtor's domestic support obligations does not preclude a domestic support creditor from collecting sums directly from the debtor in the absence of injunctive language in the plan. Appellant argues that the Bankruptcy Court committed reversible error for finding persuasive and relying upon the Eleventh Circuit Court of Appeals unpublished decision *In re Rodriguez*, 367 Fed. Appx. 25 (11th Cir. 2010), *cert. denied*, 131 S.Ct. 128 (2010).

*Rodriguez* held that the Florida Department of Revenue could be held in contempt for having sent debt collection letters to a debtor relating to his child support delinquencies after the issuance of a confirmation order. *Rodriguez* states that under 11 U.S.C. §1327(a), "once a bankruptcy plan is confirmed, the debtor and each creditor is bound by its terms. Here, the State violated the confirmation order by asserting an interest other than those provided for in the plan after confirmation." 367 Fed. Appx. at 28.

Having reviewed *Rodriguez* in light of the arguments made by Appellant, the Court agrees with the Bankruptcy Court that the conclusion reached in *Rodriguez* has not been impacted by the enactment of The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). The Court also agrees with Appellee's argument that had Congress intended the result Appellant urges this Court to adopt, it would have amended 11 U.S.C. §1327 to provide that domestic support obligation creditors are not bound by confirmed plans. Congress did not do so.

The Court rejects Appellant's argument that in the absence of an injunction in the confirmation order, the order did not unambiguously proscribe its conduct, which *Diaz* requires

before a litigant can be held in civil contempt. Appellant's conduct was unambiguously proscribed by 11 U.S.C. §1327(a). It was not necessary for the Bankruptcy Court to add anything additional to its order.

Since the Bankruptcy Court did not commit an error of law, it was within its discretion to have held Appellant in contempt and order Appellant to pay Debtor's reasonable attorney's fees and costs.

### IV. Conclusion

Based upon the foregoing, it is **ORDERED AND ADJUDGED** that the decision on appeal of the Bankruptcy Court **[DE 1]** is **AFFIRMED** . This case is **CLOSED**, and all pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 19th day of September, 2013.

_____
KENNETH A. MARRA
United States District Judge